**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ROBIN L. ROYAL-BIRD, | DOCKET NUMBER |
| Appellant, | CH-3443-16-0170-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: December 20, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robin L. Royal-Bird, Indianapolis, Indiana, pro se.

Cynthia C. Cummings, Esquire, Indianapolis, Indiana, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant is employed as a Military Pay Technician. Initial Appeal File (IAF), Tab 1 at 16. In December 2015, she was reassigned, without any change in duty station, pay, or grade. *Id*. at 10-13, 16-17. The appellant filed the instant appeal, alleging that this action was reprisal for filing a complaint against management officials and participating as an equal employment opportunity (EEO) representative. *Id*. at 5.

¶3    The administrative judge ordered the appellant to meet her jurisdictional burden. IAF, Tabs 2-3. Although she failed to submit a timely response, the appellant later responded to a show cause order with argument and evidence suggesting that she was improperly reassigned and subjected to a hostile work environment. *Compare* IAF, Tab 6, *with* IAF, Tabs 7-8.

¶4    Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID). First, he found that the appellant failed to nonfrivolously allege that she was subjected to an appealable adverse action. ID at 3-4. Next, to the extent that her appeal could be construed as an individual right of action (IRA) appeal, he found that the appellant failed to show that she exhausted her administrative remedies with the Office of Special Counsel (OSC). ID at 4-5. The administrative judge also noted that reprisal for engaging in EEO activity is not an independent basis for finding

jurisdiction over an IRA appeal. ID at 5. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed an untimely[2] response and the appellant has replied. PFR File, Tabs 5-6.

¶5        In her petition for review, the appellant does not clearly articulate any error in the administrative judge's decision. Instead, she submitted a number of unexplained documents and reasserts that the agency committed a number of improprieties. PFR File, Tab 1. She generally attributes the alleged improprieties to discrimination, EEO reprisal, and whistleblowing. *Id.* at 28-34.

¶6        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). In the absence of a reduction in pay or grade, the appellant's reassignment and purported hostile work environment are not appealable adverse actions under 5 U.S.C. chapter 75. 5 U.S.C. §§ 7512, 7513(d). The Board also lacks jurisdiction over the appellant's claims of discrimination and EEO reprisal in connection with nonappealable actions. *See Lethridge v. U.S. Postal Service*, 99 M.S.P.R. 675, ¶¶ 8-9 (2005); *see also Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (holding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Thus, we agree with the administrative judge's conclusion that the appellant failed to present nonfrivolous allegations of Board jurisdiction pursuant to 5 U.S.C. chapter 75. ID at 3-4; *see generally Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (recognizing that an appellant is entitled to a jurisdictional hearing if she makes a nonfrivolous allegation that the Board has jurisdiction over her appeal).

¶7        We also agree with the administrative judge that the appellant failed to meet her jurisdictional burden over this matter as an IRA appeal. ID at 4-5. To

---

[2] We find it unnecessary to rule on the agency's motion to accept its untimely response. PFR File, Tab 5 at 4-10.

establish the Board's jurisdiction over an IRA appeal, an appellant must have exhausted her administrative remedies before the OSC and make nonfrivolous allegations of the following: (1) she engaged in whistleblowing by making a protected disclosure under 5 U.S.C. § 2302(b)(8), or engaged in other protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. §§ 1214(a)(3), 1221; *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶8 In accordance with the aforementioned exhaustion element, an employee is required to seek corrective action from the OSC before seeking corrective action from the Board, and the Board may only consider charges that the appellant raised before OSC. *Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 8 (2010). An appellant must inform OSC of the precise ground of her charge, giving OSC a sufficient basis to pursue an investigation which might lead to corrective action. *Id.*

¶9 Below, the appellant failed to show that she sought corrective action with OSC prior to coming before the Board. ID at 5; *see* IAF, Tabs 1, 7-8. However, the appellant has submitted a closeout letter from OSC for the first time with her petition for review, which we now consider. PFR File, Tab 1 at 37-39; *compare Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (recognizing that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence), *with Atkinson v. Department of State*, 107 M.S.P.R. 136, ¶ 12 (2007) (accepting evidence, which the appellant submitted for the first time on review although he could have submitted it below, that he exhausted his remedies before OSC); *Hawkins v. Department of Commerce*, 98 M.S.P.R. 107, ¶¶ 7-8 (2004) (remanding an IRA appeal that became ripe while pending on petition for review because OSC terminated its

inquiry and informed the appellant of his Board appeal rights). Even with this new evidence, we find that the appellant has failed to meet her jurisdictional burden.

¶10 An appellant must show what specific claims she presented to OSC by providing her OSC complaint, any amendments to the complaint, OSC's correspondence discussing the claims, and/or her responses to OSC's correspondence discussing the claims. *Baldwin*, 113 M.S.P.R. 469, ¶ 8. Here, the appellant presented OSC's closeout letter, but no other clear argument or evidence concerning the exhaustion requirement.[3] OSC's letter indicates that the appellant alleged that she was moved to a new department and subjected to a hostile work environment. PFR File, Tab 1 at 38. It further suggests that the appellant attributed these actions to her filing a series of EEO complaints against management and her serving as an EEO representative for others. *Id*. However, it does not include other relevant details, such as the nature of the appellant's EEO activity, the individuals involved in that activity, or the individuals responsible for the purported reprisal. *Cf. Swanson v. General Services Administration*, 110 M.S.P.R. 278, ¶ 8 (2008) (finding that an appellant satisfied the exhaustion requirement when, with reasonable clarity and precision, he informed OSC of the content of his disclosure, the individual to whom it was made, the nature of the personnel actions allegedly taken in retaliation, and the individuals responsible for taking those actions). Therefore, the appellant has failed to prove what matters she may have exhausted with OSC and whether those matters fall within the Board's jurisdiction over IRA appeals. *See, e.g.*, *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013) (recognizing that

---

[3] Aside from the OSC closeout letter, the appellant submitted a number of other documents with her petition for review. *E.g.*, PFR File, Tab 1 at 2-26. However, the appellant has failed to explain the documents and it is not apparent whether or how they relate to her jurisdictional burden. *See Luecht v. Department of the Navy*, 87 M.S.P.R. 297, ¶ 8 (2000) (recognizing that a party whose submissions lack clarity risks being found to have failed to meet his or her burden of proof).

the Whistleblower Protection Enhancement Act of 2012 extended the Board's jurisdiction over IRA appeals to claims of reprisal for filing complaints seeking to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8), but not to other types of complaints); *see also* 5 U.S.C. § 2302(b)(9)(B)(extending the Board's jurisdiction over IRA appeals to claims of reprisal for "testifying for or otherwise lawfully assisting any individual in the exercise of any right referred to in subparagraph (A)(i) or (ii)").  We find, because the appellant failed to meet her jurisdictional burden, the administrative judge properly dismissed her appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek

review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.